Eugenio Camarillo HERAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–89–00167–CR.

Court of Appeals of Texas,
El Paso.

Feb. 28, 1990.

Joe E. Boaz, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., El Paso County, El Paso, for appellee.

Before OSBORN, C.J., and FULLER and KOEHLER, JJ.

## OPINION

FULLER, Justice.

This is an appeal from a conviction for aggravated assault. The jury assessed punishment at imprisonment for five years and a fine of $5,000.00. We affirm.

At the outset, we note that Appellant has filed a brief in response to the State's brief. This reply brief purports to set out an additional point of error in which counsel, Joe E. Boaz, a former experienced assistant district attorney of many years, (both at trial and on appeal) confesses his own ineffective assistance in the form of an untimely motion to quash, waiving error

in the indictment. First, this "reply" brief is an inappropriate vehicle for presenting a new point of error. Second, the untimely motion to quash only challenged the second count of the indictment, which was not submitted to the jury and formed no basis for the conviction. Hence, even if the motion had been denied as untimely (a conclusion not supported by the record), the second part of the test for ineffective assistance of counsel under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) has not been met.

■ Turning to the original point of error, Appellant asserts a fatal variance between the allegations of count I of the indictment and the proof presented at trial. Count I alleged that Appellant caused bodily injury to Rocco Bellucci "by using a deadly weapon unknown to the Grand Jury, that in the manner of its use and intended use was capable of causing death and serious bodily injury and did then and there stab ROCCO BELLUCCI on the neck."

■ Both sides agree that under the indictment, the State was required to prove that the grand jurors exercised due diligence in attempting to ascertain the nature of the criminal instrumentality. *Jordan v. State,* 520 S.W.2d 388 (Tex.Crim. App.1975). If the evidence at trial does not show with certainty what type of instrument was used, then a prima facie satisfaction of such burden exists. *Scott v. State,* 732 S.W.2d 354 (Tex.Crim.App.1987). If the evidence at trial reflects that no further investigative effort by the grand jury would have led to greater certainty, then the actual failure of that body to make such effort is harmless and no variance will be found. *Polk v. State,* 749 S.W.2d 813, 817–818 (Tex.Crim.App.1988). This leads us to the question of what degree of certainty, what type of proof, must be available to the grand jury to require the pleading of a specific object. We have concluded that in the absence of direct evidence, the grand jury is not required to speculatively plead an instrument which the State would find virtually impossible to prove beyond a reasonable doubt. If the nature of the object can only be arrived at by circumstantial evidence, then an "unknown object" averment may be employed. *See Simon v. State,* 488 S.W.2d 439 (Tex.Crim. App.1972); *Branch v. State,* 774 S.W.2d 781 (Tex.App.—El Paso 1989, PDRR); *Brown v. State,* 704 S.W.2d 506, 508 (Tex. App.—Dallas 1986, PDRR); *Huffman v. State,* 775 S.W.2d 653 (Tex.App.—El Paso 1989, pet. pending).

In this case, the complainant sustained a stab wound to the neck, damaging the trachea and esophagus penetrating all the way to the vertebrae of the neck. The injury arose as the result of an altercation between Appellant and Bellucci during the latter's birthday party. Appellant struck Bellucci across the jaw with a glass jar. Appellant then placed Bellucci in a head lock, Bellucci on his hands and knees on the ground. Other visitors pulled Appellant away from Bellucci, but prior to that separation Appellant stabbed him in the throat with some sharp object. Neither Bellucci nor any other witness could provide direct evidence as to the object used in the stabbing. The events took place in Bellucci's backyard, at night, twenty yards from the nearest porch light. Bloody broken glass was found at the site of the struggle, circumstantially suggesting that the wound was inflicted with a sharp piece of glass from the broken jar. The treating surgeon testified that the injury was consistent with a variety of sharp instruments, including broken glass, a knife or scissors. Medical personnel were advised of the possibility that broken glass was involved but found no glass fragments or powder in the wound.

The Appellant was indicted and reindicted by two separate grand juries. The State called both foremen, Ronald Todd and Robert Pineda respectively, to testify as to the assessment of evidence by the grand juries with regard to the instrument used in the assault. Appellant's brief states:

> Incredibly, neither grand jury read any medical reports or were given the opportunity to question the treating physician, Dr. Rochan.

That assertion was overbroad. Todd testified that he did not think the first grand

jury reviewed any medical records but was not sure. Pineda testified that he thought his grand jury did have the medical records. Pineda's grand jury returned the reindictment pursued at trial. Both testified that they reviewed the witness statements, the complainant's statement and the police reports. They were aware of the suspicion that broken glass was used but considered the evidence insufficient to conclusively allege that in the indictment. Dr. Rochan's testimony added no further certainty. Under *Branch* and the cases cited therein, the present record presents no insufficiency of the evidence or fatal variance between pleading and proof.

Appellant quotes our opinion in *Branch* referring to notice rights of a defendant and suggesting that even if an overall object cannot be described through direct evidence, those significant characteristics of the instrument (e.g., sharp, pointed, blunt, minimum length, etc.) which can be supported by direct evidence should be included in the indictment. The remainder of that passage clearly reflects that we were speaking in terms of defendants' rights to pretrial notice to prepare a defense, not issues of variance or sufficiency of the evidence. Further, the quotation is applicable in the context of a motion to quash due to alleged notice deficiencies. That was not before the Court in *Branch* and is not before us now. The motion to quash in the present case was:

   (1) Untimely;

   (2) Addressed only to Count II of the indictment;

   (3) Not addressing the same problem touched upon by our dictum in *Branch;* and

   (4) Not a basis for reversible error in any event under the review standard expressed in *Adams v. State,* 707 S.W.2d 900 (Tex.Crim.App.1986).

Point of Error No. One is overruled.

The judgment is hereby affirmed.