**Karen COLEMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–95–00609–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 29, 1996.

Rehearing Overruled Jan. 29, 1996.

Gerald Fry, Houston, for Appellant.

John B. Holmes, Kimberly A. Stelter, Terri Robert, Houston, for Appellee.

Before OLIVER–PARROTT, C.J., and TAFT and O'CONNOR, JJ.

## OPINION ON MOTION
## FOR REHEARING

O'CONNOR, Justice.

We withdraw our prior opinion and substitute the following in its place.

The issue is whether the State may try a defendant twice for stealing the same proper-

ty on the same date, first from an unnamed owner, and later from a named owner. We hold it may not, and reverse.

### Summary of facts

■■■ The appellant, Karen Coleman, was indicted twice for theft of a tiller and a lawn mower. The first indictment alleged the appellant committed the offense on or about April 1, 1992, in Harris County, Texas, and said the owner of the property was "unknown to the grand jury." A jury trial on the first indictment resulted in an instructed verdict of not guilty. The trial court stated the following when granting the appellant's motion for instructed verdict:

> [T]he Court believes that the allegation unknown to the Grand Jury applies to those cases where it cannot be determined with reasonable certainty what object or instrument of debt existed or who the owner was....

> That is not the case in this case. I think the evidence established with reasonable amount of certainty either it belonged to HPD [Houston Police Department] or Home Depot, and with more reasonable certainty the owner in this case was properly HPD Officer Macejewski.[1]

After the instructed verdict, the State indicted the appellant for theft of the same tiller and lawn mower. The second indictment alleged the appellant committed the offense on or about April 1, 1992, in Harris County, Texas, and identified the owner as R. Reese. R. Reese is an employee of Home Depot.

The appellant filed an application for writ of habeas corpus on the grounds the second indictment violated the doctrines of double jeopardy and collateral estoppel. The appellant argued the first trial resolved the issue of ownership of the tiller, an essential element of the offense, in the appellant's favor.

At the hearing, the appellant called the assistant district attorney (ADA) from the first trial to the stand. She testified as follows:

Q: And an instructed verdict against you was received in [the first] case?

ADA: That is correct.

Q: Now, and then you reindicted the same case as 678394?

ADA: I don't have those numbers in front of me, but I did reindict the case, yes.

\*   \*   \*   \*   \*   \*

Q: The same conduct that Miss Coleman was alleged to have committed in the first case 628743 is the same conduct that she's accused of committing in the second case, is it not?

ADA: It's the same type of conduct. The difference between the two indictments is the name of the owner of the property.

Q: That is the only difference in the second indictment, 678349 alleged a different owner than the first indictment?

ADA: That's correct. The first one, I believe alleged a person [sic] of the Grand Jury.

Q: The conduct that Miss Coleman did the criminal conduct, what she did herself, is the same in both case numbers?

ADA: The circumstances were the same, yes. The conduct was the same. The difference between the two is the proof of

---

1. When the indictment alleges an element or a fact is unknown to the grand jury, the State may prove the element or the fact at trial. *See, e.g., Ishmael v. State,* 688 S.W.2d 252, 258 (Tex. App.—Fort Worth 1985, pet. ref'd) (indictment alleged that the victim of a drive-by shooting was unknown to grand jury; at trial State proved the defendant had threatened a specific person just before the victim was shot); *Huffman v. State,* 775 S.W.2d 653, 662 (Tex.App.—El Paso 1989, pet. ref'd) (indictment alleged that the victim was strangled by means unknown to the grand jury; at trial State proved it was by a belt). When the indictment alleges an element or a fact is unknown to the grand jury and at trial the State proves a specific person or specific means, the State must show the grand jury used diligence in trying to determine the element or fact that was unknown to the grand jury. *Hicks v. State,* 860 S.W.2d 419, 424 (Tex.Crim.App.1993); *Matson v. State,* 819 S.W.2d 839, 847 (Tex.Crim.App.1991); *Heras v. State,* 786 S.W.2d 72, 74 (Tex.App.—El Paso 1990, no pet.); *Ishmael,* 688 S.W.2d at 257; *Huffman,* 775 S.W.2d at 662. If the State is unable to prove the grand jury did not know or it did not use diligence, the trial court must find a fatal variance between the indictment and the proof. *Cunningham v. State,* 484 S.W.2d 906, 911 (Tex.Crim.App.1972); *Huffman,* 775 S.W.2d at 662.

the owner of the property alleged to have been stolen.

Q: And so that same tiller in the same lot, the lawn mower and tiller are the same exact times in both indictments?

ADA: That is correct.

Q: And the same evidence that you would anticipate that would be introduced at the second trial in 678394 would be the same evidence that was introduced at the first trial?

ADA: I expect that it would be the same with the exception of the information concerning the owner of the property, which was, I think, at issue in the first trial.

Q: But the evidence introduced at the first trial also explored the ownership and showed clearly that the owner could be two people, either Home Depot or the police department?

ADA: As I recall the testimony, it could have been, and the witnesses on the stand were not sure who the owner was. That was my recollection of the testimony.

Court: At any rate, the record would speak best to that point.

After hearing evidence, the trial court denied the appellant relief.

### The relevant criminal provisions

The appellant was charged under TEX.PE-NAL CODE ANN. § 31.03 (1994), "Theft," which provides in part:

(a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.

(b) Appropriation of property is unlawful if:

\* \* \* \* \* \*

(3) property in the custody of any law enforcement agency was explicitly represented by any law enforcement agent to the actor as being stolen and the actor appropriates the property believing it was stolen by another.

Two provisions from the Code of Criminal Procedure are relevant. *See* TEX.CODE CRIM.

PROC.ANN. arts. 21.07, 21.08. Article 21.07, "Allegation of name," provides:

In alleging the name of the defendant, or of any other person necessary to be stated in the indictment, it shall be sufficient to state one or more of the initials of the given name and the surname. When a person is known by two or more names, it shall be sufficient to state either name. When the name of the person is unknown to the grand jury, that fact shall be stated, and if it be the accused, a reasonably accurate description of him shall be given in the indictment.

TEX.CODE CRIM.PROC. art. 21.07 (Supp.1995).[2] Article 21.08, "Allegation of ownership," provides:

Where one person owns the property, and another person has the possession of the same, the ownership thereof may be alleged to be in either. Where property is owned in common, or jointly, by two or more persons, the ownership may be alleged to be in all or either of them. When the property belongs to the estate of a deceased person, the ownership may be alleged to be in the executor, administrator or heirs of such deceased person, or in any one of such heirs. Where the ownership of the property is unknown to the grand jury, it shall be sufficient to allege that fact.

TEX.CODE CRIM.PROC. art. 21.08 (1989).

### Analysis

■ In her sole point of error, the appellant claims the trial court committed reversible error by not granting habeas relief and by not dismissing the second indictment. The appellant relies upon the doctrines of double jeopardy and collateral estoppel.

■ Double jeopardy is the principle a person shall not be "subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. 5. The Texas Constitution provides: "No person, for the same offense, shall be twice put in jeopardy of life or liberty, nor shall a person be again put upon trial for the same offense; after a

---

**2.** We note that article 21.07 has been amended effective September 1, 1995; however, the facts in this case arose before this date.

verdict of not guilty in a court of competent jurisdiction." TEX. CONST. art. 1, § 14. These prohibitions protect against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same conviction; and (3) multiple punishments and successive prosecutions for the same offense. *Ex parte Kopecky,* 821 S.W.2d 957, 958 (Tex.Crim.App.1992).

Collateral estoppel is the principle that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties. *Ashe v. Swenson,* 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970) (insufficient evidence to convict defendant of the robbery from one person at a poker table collaterally estopped State from trying the defendant for same offense against another person at the same poker table). The fifth amendment [3] prohibition against double jeopardy encompasses collateral estoppel. *Ladner v. State,* 780 S.W.2d 247, 250 (Tex.Crim.App.1989); *Ex parte Daniel,* 781 S.W.2d 412, 414 (Tex. App.—Houston [1st Dist.] 1989, pet ref'd).

When a defendant raises the issue of double jeopardy, the defendant bears burden of proving double jeopardy. *See Ex parte Shutter,* 868 S.W.2d 383, 387 (Tex. App.—Houston [1st Dist.] 1993, pet. ref'd). The defendant at a habeas corpus hearing must present evidence to support the allegation of jeopardy and collateral estoppel. *See Hoang v. State,* 810 S.W.2d 6, 8 (Tex.App.— Dallas 1991), *aff'd,* 872 S.W.2d 694 (Tex.Crim. App.1993).

To determine whether jeopardy attached, the court must inquire whether each offense contains an element not contained in the other. *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). If a different element is present, double jeopardy does not attach. *Id.* However, if each element of the offense in the first indictment is identical to the offense in the second indictment, double jeopardy attaches and bars successive prosecutions. *Id.*

The essential elements relevant to a double jeopardy inquiry are those of the charging instrument, not of the penal statute itself. Although statutory elements will always make up part of the accusatory pleading, additional nonstatutory allegations are necessary in every case to specify the unique offense with which the defendant is charged. *Parrish v. State,* 869 S.W.2d 352, 354 (Tex. Crim.App.1984). The relevant factors to focus on in the charging instruments include the time and place of the offense, the identity of the defendant, the identity of the complainant, and the manner and means used in committing the offenses. *Id.*

As a general rule, when one offense has two victims, the offenses are not the same for double jeopardy purposes. *Ex parte Rathmell,* 717 S.W.2d 33, 35 (Tex.Crim. App.1986) (when two people were killed in car accident caused by the defendant, the State could indict defendant for two offenses). There are exceptions. When property is jointly owned by two persons, the State may not indict a defendant twice for the same theft, alleging different owners for the same property. *See, e.g., Blount v. State,* 851 S.W.2d 359, 363 (Tex.App.—Houston [1st Dist.] 1993, no pet.) (State could not convict defendant for taking property from Mr. K. that was owned by Mrs. K., because the jury separately convicted defendant under count two for the theft of this same property). When property is owned by a business enterprise, the State may not indict a defendant twice for the same theft by naming a different employee as the business representative to testify about superior right to the property. *Oggletree v. State,* 851 S.W.2d 367, 370 (Tex.App.—Houston [1st Dist.] 1993, pet. ref'd). Simply put, a single theft of property will support only a single conviction. *Blount,* 851 S.W.2d at 363.

Two examples of re-indictment in theft cases may help to illustrate the problem in this case.

Example 1—mistaken name of owner. If the State initially indicts a defendant with the theft of an item from a person identified as John Brown, and the case results in

---

**3.** U.S. CONST. amend. 5.

a not guilty verdict because John Brown did not own the items, the State may re-indict the defendant for the theft of the same property from *the correct owner, e.g.,* John White.

Example 2—joint owners. If the State initially indicts the defendant with the theft of an item from John Brown, and the case results in a not guilty verdict because the State did not produce sufficient evidence to show that John Brown owned the property, the State cannot re-indict the defendant for the theft of the same property under the name of a person who was not John Brown but had a superior right to the property than did the appellant, *e.g.,* John Brown's wife.

The dissent seems to make two arguments. First, it agrees with the State that this case is analogous to example 1, where the wrong person was alleged as the owner of the property, and an acquittal of stealing property from that person does not bar the re-indictment for stealing property from the correct owner. *Smotherman v. State,* 415 S.W.2d 430, 431 (Tex.Crim.App.1967).

It is the dissent's view that one crime was committed against a "person unknown" and another against "R. Reese." The dissent relies on *Fulmer v. State,* 731 S.W.2d 943 (Tex.Crim.App.1987), a case involving the wrong name of the complainant. In *Fulmer,* the court said a defendant is entitled to an acquittal when the indictment contains the wrong name of the complainant; but, the defendant may not assert double jeopardy to bar re-indictment with the correct name of the complainant. *Id.* at 946. That is not what happened here. The wrong name was not alleged.

Instead, this case is analogous to example 2, where the State could have named either John Brown or his wife in the first indictment as the complainant. Once the State decided to use John Brown as the complainant, an acquittal in that case bars the prosecution of the same property from the wife.

At the habeas hearing, the assistant district attorney was asked if the evidence at the first trial explored the ownership of the property and if it showed the owner could have been either of two people, Home Depot or the police department. She responded: "As I recall the testimony, it could have been, and the witnesses on the stand were not sure who the owner was." As in *Oggletree,* the State was barred from prosecuting the appellant with another owner.

The two indictments in this case did not identify two different complainants, one who was not the owner and one who was. Under the first indictment in this case, the State's allegation of "unknown" permitted the State to prove the name of R. Reese or some other person as the owner. Under the first indictment, the State could prove that R. Reese was the owner; under the second indictment, the State could prove that R. Reese was the owner.

Because the first indictment contained an unnamed complainant, under which the State could have proved the appellant committed the theft and R. Reese was the complainant, the naming of the complainant in the second indictment invoked double jeopardy. In other words, at the appellant's trial under the first indictment which alleged an unnamed complainant, the State was permitted to prove the name of the complainant was R. Reese. Thus, the trial of a defendant under an indictment with the complainant listed as unknown is the same as the trial of a person when the complainant is named.

We hold the appellant sustained her burden of proving the identity of the complainant in the two charging instruments is the same. Double jeopardy attached after the "not guilty" verdict in the first trial because the State failed to produce sufficient evidence at the first trial to prove the name of complainant. The two indictments in this case alleged the same offense. The appellant's right not to be placed in jeopardy twice for the same offense would be violated by trying her again under the second indictment.

We hold the trial court's decision to refuse the requested habeas corpus relief was clearly erroneous.

We reverse the judgment of the trial court and render judgment that the second indictment be dismissed.

TAFT, Justice, dissenting on Motion for Rehearing.

The majority opinion acknowledges that a defendant may be tried a second time after being acquitted for stealing the same property on the same date, first from an erroneously named owner, and second from a correctly named owner. *See Fulmer v. State,* 731 S.W.2d 943, 946 (Tex.Crim.App.1987); *Smotherman v. State,* 415 S.W.2d 430, 431 (Tex.Crim.App.1967) (both allowing the State to retry a defendant previously acquitted for the same conduct under an indictment alleging the wrong name for the complainant). The majority opinion would establish a different rule for a defendant first acquitted for stealing the same property on the same date from an unnamed owner and second from a named owner.

The majority opinion defines two categories of reindictment for: (1) mistaken name of owner; and (2) joint owners. Apparently, the present case cannot fit in category one because "unknown to the grand jury" is not a name; thus, it cannot be a mistaken name. For some reason the majority believes it fits in category two, however, thereby designating unknown owner and named owner as joint owners. I ask if "unknown to the grand jury" cannot be a mistaken name, how can it be a joint owner?

I think that the present case involves a mistaken designation of ownership more like the mistaken name cases than the joint ownership cases.

The rationale of the majority opinion appears to be that because the State *could have proved* R. Reese [1] was the owner in the first trial, naming him as the owner for the second trial is barred by double jeopardy. However, in *Fulmer* and *Smotherman* the State *actually proved* the person correctly named in the second indictment as the victim in both cases. Yet, no double jeopardy bar was found. It seems to me that the stronger case for a double jeopardy bar could be made under the facts of *Fulmer* and *Smotherman.* Nevertheless, double jeopardy was found to be no bar to a second prosecution, thereby allowing the State to correct its mistake in designating the complainant.

The majority opinion relies upon a proposition from sufficiency of the evidence cases where "unknown to the grand jury" is alleged. When the State alleges that an element is unknown to the grand jury, but then proves a known element at trial, the State must show that the grand jury did not know the element and could not have discovered it through the exercise of due diligence. *Hicks v. State,* 860 S.W.2d 419, 424 (Tex.Crim.App. 1993). The majority opinion views this principle as if it authorizes the State to prove up a known when an unknown is alleged. The fallacy is that proving up a known is of no use unless the State also proves that, as alleged, the element was unknown to the grand jury. Alleging "unknown to the grand jury" does not give the State a license to prove any owner, but rather a burden to prove that the owner was unknown to the grand jury.

Under the standard of review, as set out in the majority opinion, the burden is on the accused to demonstrate entitlement to double jeopardy relief. To determine whether jeopardy attached, the court must inquire whether each offense contains an element not contained in the other. *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). If a different element is present, double jeopardy does not attach. *Id.* However, if each element of the offense in the first indictment is identical to the offense in the second indictment, double jeopardy attaches and bars successive prosecutions. *Id.*

I would hold that appellant has not met her burden of showing that the elements of the two offenses are identical. "Unknown to the grand jury" is different from "R. Reese."

In regard to appellant's second argument that collateral estoppel bars a second trial, appellant must show that a fact issue has been determined adversely to the State and the State is now trying to relitigate the same fact issue. *See Ex parte Tarver,* 725 S.W.2d

---

1. It is interesting that in the trial court's ruling on the motion for instructed verdict, no mention of R. Reese is made. The trial court seemed to think that the State had proved Houston Police Officer Macejewski as the owner.

195, 199 (Tex.Crim.App.1986). If the first indictment had alleged ownership in R. Reese, and if the instructed verdict in the first case had been granted on the basis that the State failed to prove R. Reese, then appellant would have a valid collateral estoppel argument. What was litigated in the first case here, however, is the allegation and failure to prove that the owner was unknown to the grand jury.

For the above reasons, I would uphold the trial court's order denying habeas corpus relief. To the majority's failure to do so, I respectfully, but vigorously, dissent.