**Robert Lee BUTLER, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–95–299–CR.**

Court of Appeals of Texas,
Fort Worth.

Aug. 8, 1996.

Rehearing Overruled Sept. 19, 1996.

Law Offices of Allan K. Butcher, and Allan K. Butcher, Fort Worth, for appellant.

Tim Curry, Criminal District Attorney, Betty Marshall and Charles M. Mallin, Assistant Chiefs of the Appellate Section, Danielle A. LeGault, Paul Bezney and Mitch Poe, Assistants, Fort Worth, for state.

Before CAYCE, C.J., and DAY and LIVINGSTON, JJ.

**OPINION**

CAYCE, Chief Justice.

Robert Lee Butler was convicted by a jury of the offense of aggravated assault with a deadly weapon, "TO-WIT: A MOTOR VEHICLE." Upon Butler's pleas of true to one enhancement count and one habitual count,

the trial court sentenced him to thirty years' incarceration and ordered him to pay reparation in the amount of $3,000. In two points of error, Butler complains that his conviction should be reversed because the jury was not instructed to find that Butler intended to use his car as a deadly weapon when he assaulted the victim. We overrule the points of error and affirm the judgment.

On April 13, 1994, Butler and his common law wife were sitting in a yellow car outside a food store in Tarrant County. Two brothers, Jimmy and Jerry White, walked up to the store, and Jerry began talking to Butler. Butler and Jimmy got into an altercation over Jimmy's beer, which Butler refused to return. Jimmy slapped Butler and retrieved his beer. The two brothers then left the store and began walking home. Several minutes later, Jerry saw Butler driving toward them in the yellow car. Butler veered across the road, accelerated to approximately thirty-five to forty miles per hour, and struck Jimmy, who was knocked about ten feet down the street. Butler did not slow down or stop after hitting Jimmy.

Two witnesses, who were standing in their yard that afternoon, testified that they saw Butler's car change lanes, speed up, and hit Jimmy. One of the witnesses stated that she was certain Butler hit Jimmy intentionally because he changed lanes, accelerated, and almost hit Jerry too.

Butler's wife testified that she and Butler were at the store that day and talked to Jerry. She stated, however, that there was no altercation between Butler and Jimmy. Instead, according to her testimony, Jimmy approached Butler, said, "Man, I don't like you[,]" and slapped him. She also said that after the confrontation, she and Butler drove home without incident and that Butler did not strike Jimmy with his car.

■ On appeal, Butler complains that it was error not to require the jurors to make a specific finding that he intentionally or knowingly used his car as a deadly weapon when he struck Jimmy.

■ The jury was charged as follows:

Now, if you find from the evidence beyond a reasonable doubt that on or about

the 13th day of April, 1994, in Tarrant County, Texas, the defendant, Robert Lee Butler, did intentionally or knowingly cause bodily injury to Jimmy White, by striking him with a motor vehicle and did then and there use a deadly weapon, to-wit: a motor vehicle, that in the manner of its use or intended use was capable of causing death or serious bodily injury, then you will find the defendant guilty of aggravated assault as charged in the indictment.

This language tracks sections 22.01 and 22.02 of the Penal Code. TEX.PENAL CODE ANN. §§ 22.01(a)(1), 22.02(a)(2) (Vernon 1994). Section 22.02 states:

> (a) A person commits an offense if the person commits assault as defined in Section 22.01 and the person:
>
> . . . .
>
> (2) uses or exhibits a deadly weapon during the commission of the assault.

*Id.* § 22.02(a)(2). Under section 22.01, a person commits assault if he "intentionally, knowingly, or recklessly causes bodily injury to another." *Id.* § 22.01(a)(1). Thus, the elements of aggravated assault are 1) the defendant 2) intentionally, knowingly, or recklessly 3) caused bodily injury to another and 4) used a deadly weapon. *Id.* §§ 22.01(a)(1), 22.02(a)(2); *Rocha v. State*, 648 S.W.2d 298, 299 (Tex.Crim.App. [Panel Op.] 1982). A deadly weapon is defined as "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." TEX.PENAL CODE ANN. § 1.07(a)(17)(B) (Vernon 1994). As the court of criminal appeals recently held, an automobile can be a deadly weapon. *Tyra v. State*, 897 S.W.2d 796, 798–99 (Tex. Crim.App.1995).

Section 6.02 of the Penal Code requires that a culpable mental state—intent, knowledge, recklessness, or criminal negligence—accompany any offense "as the definition of the offense requires." TEX.PENAL CODE ANN. § 6.02 (Vernon 1994). It is clear from the statutory definition of aggravated assault that the culpable mental states of intent, knowledge, and recklessness relate to the assault element of causing bodily injury to another. Under the express language of section 22.02 and prevailing case law, a second culpable mental state is not required to be included with the deadly weapon element. *Peacock v. State*, 690 S.W.2d 613, 615–16 (Tex.App.—Tyler 1985, no pet.); *Pass v. State*, 634 S.W.2d 857, 860 (Tex.App.—San Antonio 1982, pet. ref'd); *see Phillips v. State*, 597 S.W.2d 929, 932–33 (Tex.Crim.App. [Panel Op.] 1980) (declining to require allegation of culpable mental state in connection with aggravating factor in indictment for aggravated kidnapping); *Bilbrey v. State*, 594 S.W.2d 754, 758–59 (Tex.Crim.App. [Panel Op.] 1980) (did not require additional allegation that accused intentionally and knowingly exhibited the deadly weapon in aggravated robbery indictment).

Butler concedes that there is sufficient evidence to support a conviction under the elements of aggravated assault. However, Butler argues that a second culpable mental state should be attached to the aggravating element of use of a deadly weapon. We disagree. In keeping with the construction placed on similar statutes by the court of criminal appeals, we follow the lead of our sister courts in the *Peacock* and *Pass* cases and hold that a second culpable mental state is not required to be proved in connection with the aggravating element of the use of a deadly weapon. *See Pass*, 634 S.W.2d at 860. The jury was charged on all of the elements of aggravated assault, and the State was required to prove, and did prove, each element beyond a reasonable doubt, as required by law.

Butler's points of error are overruled, and the judgment is affirmed.