NO. 07-01-0418-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C 



JANUARY 10, 2003


______________________________



KERRY J. MARCOTTE,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 272ND DISTRICT COURT OF BRAZOS COUNTY;



NO. 28,520-272; HON. RICK DAVIS, PRESIDING


_______________________________



Before JOHNSON, CJ., QUINN and REAVIS, JJ.

 Appellant Kerry J. Marcotte challenges his three convictions of aggravated assault
by contending that 1) two of his convictions violate state and federal prohibitions against
double jeopardy, and 2) the trial court erred in refusing to instruct the jury on the lesser-included offense of unlawfully carrying a weapon. We affirm the judgment of the trial court. 

 Background

 On February 7, 2001, appellant and his girlfriend went to a bar and drank alcoholic
beverages. They left around 12:00 a.m., and when they arrived at the girlfriend's home,
appellant became upset. He left in his truck. Meanwhile, the complainant, Sandra Neblett,
had gone to the store to purchase some cigarettes. When she was returning home, she
noticed a white pickup truck approaching fast from the rear. As the truck passed her, the
driver of the truck pointed a pistol at her, and she thought he was going to shoot her. (1) The
truck continued on and made a right turn. Neblett then stopped at a red light at an
intersection and heard gunshots. She decided to stop her car and turn off her lights. After
doing so, she saw a police car go by in the same direction, and she followed the police car
to obtain help. While following the police car, the white pickup reappeared and began to
gain on her. At that time, Neblett heard three more gunshots and believed the driver was
firing at her. The police car pulled into a boy's detention school. As Neblett attempted to
pull in behind the police car, she failed to slow in time to negotiate the turn and the truck
collided with her. Appellant was identified as the driver of the pickup truck. He was
irrational after the accident and had to be restrained. 

 Issue One - Double Jeopardy 

 In his first issue, appellant argues that his two convictions of aggravated assault
involving the use of a firearm violate the state and federal protections against double
jeopardy. (2) We overrule the issue.

 Appellant was found guilty of aggravated assault as alleged in the first three
separate paragraphs of count two of the indictment. (3) In the first paragraph, he was
charged with aggravated assault by threatening Neblett with imminent bodily injury by
exhibiting a deadly weapon. In the second paragraph, appellant was charged with
aggravated assault by striking Neblett's motor vehicle with his motor vehicle, which was
a deadly weapon. In the third paragraph, appellant was charged with aggravated assault
by threatening Neblett with imminent bodily injury by shooting at her with a deadly weapon. 

It is the first and third paragraphs which appellant contends violate his double jeopardy
protections because they occurred over a short period of time, are the same level of
offense, and resulted in the same length of prison sentence. 

 The Fifth Amendment guarantee against double jeopardy protects against 1) a
second prosecution for the same offense after an acquittal, 2) a second prosecution for the
same offense after a conviction, and 3) multiple punishments for the same offense. Illinois
v. Vitale, 447 U.S. 410, 415, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980); Iglehart v. State, 837
S.W.2d 122, 127 (Tex. Crim. App. 1992). In determining whether double jeopardy
attaches, it is the charging instrument that must be examined as opposed to the particular
statute. Parrish v. State, 869 S.W.2d 352, 354 (Tex. Crim. App. 1994); In re L.M., 993
S.W.2d 276, 282 (Tex. App.--Austin 1999, pet. denied); Coleman v. State, 918 S.W.2d
39, 43 (Tex. App.--Houston [1st Dist.] 1996), aff'd, 940 S.W.2d 96 (Tex. Crim. App. 1996). 
 When the same act or transaction violates two separate statutes, the two offenses
are the same for purposes of double jeopardy if one of the offenses contains all of the
elements of the other offense. Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct.
180, 76 L.Ed.2d 306 (1932). However, the protection against double jeopardy is
inapplicable where separate and distinct offenses occur in the same transaction. 
Spradling v. State, 773 S.W.2d 553, 556 (Tex. Crim. App. 1989). The same is true even
if the two acts are committed close in time to one another. Hutchins v. State, 992 S.W.2d
629, 633 (Tex. App.--Austin 1999, pet. ref'd, untimely filed) (holding that touching of the
victim's genitals with the defendant's fingers was a separate and distinct act from the
defendant's penetration of her female sexual organ with his penis). In such cases, the
Blockburger test does not apply. Vick v. State, 991 S.W.2d 830, 833 (Tex. Crim. App.
1999). 

 At bar, the evidence illustrated that appellant committed separate acts, each of
which constituted distinct and complete crimes. The first involved appellant threatening
his victim by pointing a deadly weapon at her before driving away. The second involved
his shooting at the victim after he returned. Though they occurred relatively close in time,
each was a separate act evincing the commission of a separate crime. And, that each
crime constituted the violation of the same penal statute matters not. Vick v. State, 991
S.W.2d at 832-33. So, appellant was not twice convicted or punished for the same offense
as contemplated by Blockburger. 

 Issue Two - Lesser-Included Offense

 In his second issue, appellant argues the trial court should have charged the jury
on the lesser-included misdemeanor offense of unlawfully carrying a weapon. We overrule
the issue. 

 As stated by the Texas Court of Criminal Appeals, an offense is a lesser-included
crime if, among other things, its elements are functionally the same or less than those
required to prove the charged offense. Jacob v. State, 892 S.W.2d 905, 908 (Tex. Crim.
App. 1995). To prove that one unlawfully carried a weapon, the State must illustrate that
the accused intentionally, knowingly, or recklessly carried on or about his person a
handgun, illegal knife, or club. Tex. Pen. Code Ann. §46.02(a) (Vernon Supp. 2003). Yet,
to prove aggravated assault with a deadly weapon, namely a firearm as charged in the
indictment at bar, the State need not prove that the appellant used or exhibited the deadly
weapon with any particular mens rea. Butler v. State, 928 S.W.2d 286, 288 (Tex.
App.--Fort Worth 1996, pet. ref'd). Thus, the elements of unlawfully carrying a weapon
under §46.02 of the Penal Code are not functionally the same or less than those of
aggravated assault as charged in the indictment at bar, and the former is not a lesser-
included offense of the latter.

 Accordingly, the judgment of the trial court is affirmed.


 Brian Quinn

 Justice 


Do not publish. 

 

 
1. Appellant, an admitted drug abuser, denied at trial that he pointed a gun at the complainant or shot
a gun at her. However, he admitted that he fired his weapon into the air. Moreover, he purportedly did so
to draw the attention of the police in hope that this would dissuade him from buying crack cocaine in the
area, even though he ventured into the area to buy such a substance. The credibility of this testimony was
left to the jury to decide.
2. Appellant does not contend that the Texas Constitution affords him greater protection than the
federal constitution, and we will therefore not separately address the matter. 
3. The State abandoned count 3 and the fourth paragraph of count 2 of the indictment. The jury found
appellant not guilty of count 1 of the indictment.