NO. 07-01-0418-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JANUARY 10, 2003
_____

KERRY J. MARCOTTE,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 272ND DISTRICT COURT OF BRAZOS COUNTY;

NO. 28,520-272; HON. RICK DAVIS, PRESIDING
_____

Before JOHNSON, CJ., QUINN and REAVIS, JJ.

Appellant Kerry J. Marcotte challenges his three convictions of aggravated assault by contending that 1) two of his convictions violate state and federal prohibitions against double jeopardy, and 2) the trial court erred in refusing to instruct the jury on the lesser-included offense of unlawfully carrying a weapon. We affirm the judgment of the trial court.

### *Background*

On February 7, 2001, appellant and his girlfriend went to a bar and drank alcoholic beverages. They left around 12:00 a.m., and when they arrived at the girlfriend's home, appellant became upset. He left in his truck. Meanwhile, the complainant, Sandra Neblett,

had gone to the store to purchase some cigarettes. When she was returning home, she noticed a white pickup truck approaching fast from the rear. As the truck passed her, the driver of the truck pointed a pistol at her, and she thought he was going to shoot her.[1] The truck continued on and made a right turn. Neblett then stopped at a red light at an intersection and heard gunshots. She decided to stop her car and turn off her lights. After doing so, she saw a police car go by in the same direction, and she followed the police car to obtain help. While following the police car, the white pickup reappeared and began to gain on her. At that time, Neblett heard three more gunshots and believed the driver was firing at her. The police car pulled into a boy's detention school. As Neblett attempted to pull in behind the police car, she failed to slow in time to negotiate the turn and the truck collided with her. Appellant was identified as the driver of the pickup truck. He was irrational after the accident and had to be restrained.

### *Issue One - Double Jeopardy*

In his first issue, appellant argues that his two convictions of aggravated assault involving the use of a firearm violate the state and federal protections against double jeopardy.[2] We overrule the issue.

---

[1]Appellant, an admitted drug abuser, denied at trial that he pointed a gun at the complainant or shot a gun at her. However, he admitted that he fired his weapon into the air. Moreover, he purportedly did so to draw the attention of the police in hope that this would dissuade him from buying crack cocaine in the area, even though he ventured into the area to buy such a substance. The credibility of this testimony was left to the jury to decide.

[2]Appellant does not contend that the Texas Constitution affords him greater protection than the federal constitution, and we will therefore not separately address the matter.

2

Appellant was found guilty of aggravated assault as alleged in the first three separate paragraphs of count two of the indictment.[3] In the first paragraph, he was charged with aggravated assault by threatening Neblett with imminent bodily injury by exhibiting a deadly weapon. In the second paragraph, appellant was charged with aggravated assault by striking Neblett's motor vehicle with his motor vehicle, which was a deadly weapon. In the third paragraph, appellant was charged with aggravated assault by threatening Neblett with imminent bodily injury by shooting at her with a deadly weapon. It is the first and third paragraphs which appellant contends violate his double jeopardy protections because they occurred over a short period of time, are the same level of offense, and resulted in the same length of prison sentence.

The Fifth Amendment guarantee against double jeopardy protects against 1) a second prosecution for the same offense after an acquittal, 2) a second prosecution for the same offense after a conviction, and 3) multiple punishments for the same offense. *Illinois v. Vitale,* 447 U.S. 410, 415, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980); *Iglehart v. State,* 837 S.W.2d 122, 127 (Tex. Crim. App. 1992). In determining whether double jeopardy attaches, it is the charging instrument that must be examined as opposed to the particular statute. *Parrish v. State,* 869 S.W.2d 352, 354 (Tex. Crim. App. 1994); *In re L.M.,* 993 S.W.2d 276, 282 (Tex. App.—Austin 1999, pet. denied); *Coleman v. State,* 918 S.W.2d 39, 43 (Tex. App.—Houston [1st Dist.] 1996), *aff'd*, 940 S.W.2d 96 (Tex. Crim. App. 1996).

When the same act or transaction violates two separate statutes, the two offenses are the same for purposes of double jeopardy if one of the offenses contains all of the

---

[3] The State abandoned count 3 and the fourth paragraph of count 2 of the indictment. The jury found appellant not guilty of count 1 of the indictment.

elements of the other offense. *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed.2d 306 (1932). However, the protection against double jeopardy is inapplicable where separate and distinct offenses occur in the same transaction. *Spradling v. State,* 773 S.W.2d 553, 556 (Tex. Crim. App. 1989). The same is true even if the two acts are committed close in time to one another. *Hutchins v. State,* 992 S.W.2d 629, 633 (Tex. App.—Austin 1999, pet. ref'd, untimely filed) (holding that touching of the victim's genitals with the defendant's fingers was a separate and distinct act from the defendant's penetration of her female sexual organ with his penis). In such cases, the *Blockburger* test does not apply. *Vick v. State,* 991 S.W.2d 830, 833 (Tex. Crim. App. 1999).

At bar, the evidence illustrated that appellant committed separate acts, each of which constituted distinct and complete crimes. The first involved appellant threatening his victim by pointing a deadly weapon at her before driving away. The second involved his shooting at the victim after he returned. Though they occurred relatively close in time, each was a separate act evincing the commission of a separate crime. And, that each crime constituted the violation of the same penal statute matters not. *Vick v. State*, 991 S.W.2d at 832-33. So, appellant was not twice convicted or punished for the same offense as contemplated by *Blockburger*.

### Issue Two - Lesser-Included Offense

In his second issue, appellant argues the trial court should have charged the jury on the lesser-included misdemeanor offense of unlawfully carrying a weapon. We overrule the issue.

4

As stated by the Texas Court of Criminal Appeals, an offense is a lesser-included crime if, among other things, its elements are functionally the same or less than those required to prove the charged offense. *Jacob v. State*, 892 S.W.2d 905, 908 (Tex. Crim. App. 1995). To prove that one unlawfully carried a weapon, the State must illustrate that the accused intentionally, knowingly, or recklessly carried on or about his person a handgun, illegal knife, or club. TEX. PEN. CODE ANN. §46.02(a) (Vernon Supp. 2003). Yet, to prove aggravated assault with a deadly weapon, namely a firearm as charged in the indictment at bar, the State need not prove that the appellant used or exhibited the deadly weapon with any particular *mens rea*. *Butler v. State*, 928 S.W.2d 286, 288 (Tex. App.—Fort Worth 1996, pet. ref'd). Thus, the elements of unlawfully carrying a weapon under §46.02 of the Penal Code are not functionally the same or less than those of aggravated assault as charged in the indictment at bar, and the former is not a lesser-included offense of the latter.

Accordingly, the judgment of the trial court is affirmed.


Brian Quinn
Justice

Do not publish.

5