

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00029-CR

MICHELLE AARON                                                     APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

## FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### Introduction

Appellant Michelle Aaron challenges the sufficiency of the evidence to support her conviction for aggravated assault on a family member with a deadly weapon. Miguel Talton, Appellant's erstwhile lover, testified that he woke up engulfed in flames after falling asleep on Appellant's bed. The State produced photographic evidence documenting the horrific burn injuries Miguel suffered.

---
[1]See Tex. R. App. P. 47.4.

Appellant testified in her defense that although she intentionally squirted Miguel with lighter fluid and threw a lit cigarette at him, she did not intend to set him on fire or know that doing so would cause him serious bodily injury. The jury decided against her and assessed her punishment at fifteen years' confinement. The trial court sentenced Appellant accordingly. Now in two points, Appellant claims that because she accidentally set Miguel on fire, the evidence is insufficient to show that she had the requisite culpable mental state to cause him serious bodily injury or to use a flammable liquid as a deadly weapon. Because we hold that the evidence sufficiently shows that she intentionally or knowingly caused Miguel serious bodily injury, and because there is no requisite culpable mental state attached to proving use of a deadly weapon, we overrule both of Appellant's points and affirm her conviction.

**Sufficiency of the Evidence Showing Appellant's Culpable Mental State**

***No additional required proof of mens rea attached to deadly weapon use***

In her second point, Appellant contends that the evidence is insufficient to show that she intentionally or knowingly used a deadly weapon. Specifically, she argues that because the evidence (primarily, her own testimony) indicates that she only set Miguel on fire, *accidentally*, she did not possess either of the requisite culpable mental states—intent or knowledge—with respect to using lighter fluid as a deadly weapon.

This point is without merit. In a prosecution for aggravated assault with a deadly weapon, there is no additional requisite mental state attached to the

2

aggravating element of use of the deadly weapon. *See Butler v. State*, 928 S.W.2d 286, 287–88 (Tex. App.—Fort Worth 1996, pet. ref'd); *Peacock v. State*, 690 S.W.2d 613, 615–16 (Tex. App.—Tyler 1985, no pet.); *Pass v. State*, 634 S.W.2d 857, 860 (Tex. App.—San Antonio 1982, pet. ref'd); *see also Walker v. State*, 897 S.W.2d 812, 814 (Tex. Crim. App. 1995) (holding that intent to use automobile as deadly weapon need not be shown in order to find that defendant used his automobile as a deadly weapon). We overrule Appellant's second point.

### The jury reasonably concluded that Appellant intentionally or knowingly caused serious bodily injury.

In her first point, Appellant contends that the evidence is insufficient to support her conviction because the State failed to prove that she intentionally or knowingly caused Miguel serious bodily injury. When we conduct a due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012). In determining the sufficiency of the evidence to show intent and faced with a record that supports conflicting inferences, we "must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such

3

conflict in favor of the prosecution, and must defer to that resolution." *Matson v. State*, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991).

Aggravated assault causing serious bodily injury is a result-oriented offense, which means that, in addition to proving that the defendant had the requisite criminal intent to *commit the act*, the State must also prove that the defendant had the requisite criminal intent to *cause the result*. *Cook v. State*, 884 S.W.2d 485, 490 (Tex. Crim. App. 1994); *Marinos v. State*, 186 S.W.3d 167, 174–75 (Tex. App.—Austin 2006, pet. ref'd).

The jury concluded that Appellant intentionally or knowingly caused serious bodily injury to Miguel by pouring a flammable liquid on him and igniting it. A person acts intentionally, or with intent, with respect to a result of his conduct when it is his conscious objective or desire to cause the result. Tex. Penal Code Ann. § 6.03(a) (West 2011). A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result. *Id.* § 6.03(b).

Proof of a culpable mental state is almost invariably proven by circumstantial evidence. *Morales v. State*, 828 S.W.2d 261, 263 (Tex. App.—Amarillo 1992), *aff'd*, 853 S.W.2d 583 (Tex. Crim. App. 1993). The requisite culpable mental state must ordinarily be inferred from the acts of the accused or the surrounding circumstances. *Ledesma v. State*, 677 S.W.2d 529, 531 (Tex. Crim. App. 1984). It has been the law in Texas for over a hundred years that a jury may infer both intent and knowledge from any facts that tend to prove

4

existence of those culpable mental states, including the acts, words, and conduct of the accused; the method of committing the crime; and from the nature of the wounds inflicted upon the victim. *Hart v. State*, 89 S.W.3d 61, 64 (Tex. Crim. App. 2002); *Manrique v. State*, 994 S.W.2d 640, 649 (Tex. Crim. App. 1999).

Appellant admitted at trial and now concedes on appeal that she intentionally poured lighter fluid on Miguel and intentionally threw a lit cigarette at him. She claims, however, that she did not intentionally or knowingly cause him serious bodily injury. The following evidence, viewed in the light most favorable to the verdict, is sufficient to sustain a reasonable jury's conclusion that when Appellant poured flammable liquid on Miguel and lit it, she intended to cause him serious bodily injury or was, at a minimum, aware that serious bodily injury was reasonably certain to result:

Miguel testified that

- he fell asleep on the bed and woke up on fire;

- he never smokes in bed;

- although he and Appellant were the only ones in the apartment, she did nothing to try and help him;

- he saw a can of lighter fluid—which was usually kept in the front room by the fireplace—on the floor near the bed and near Appellant; and

- Appellant exclaimed after Miguel extinguished the fire, "Oh, my god. Oh, my god. I'm going to the pen now."

Appellant testified that Miguel sometimes physically and regularly verbally abused her and that she "just wanted all the problems to just stop."

Fort Worth Police Officer A. D. Christopher testified that as he first approached the apartment, Appellant walked out and said, "What? Am I just supposed to let him beat me up?"

Viewing all the evidence in the light most favorable to the verdict, we hold that a rational jury reasonably could have concluded that Appellant intentionally or knowingly caused Miguel serious bodily injury. Accordingly, we overrule Appellant's first point.

## Conclusion

Having overruled both of Appellant's points, we affirm the trial court's judgment.

ANNE GARDNER
JUSTICE

PANEL: GARDNER, MEIER, and GABRIEL, JJ.

GABRIEL, J., filed a concurring opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 22, 2013