TOM REYNOLDS v. THE STATE.

No. 217.   Decided January 12, 1910.

Rehearing denied February 9, 1910.

**1.—Aggravated Assault—Former Acquittal—Variance—Name of Party Injured.**

Where upon trial for aggravated assault defendant interposed a plea of former acquittal, and it appeared from the evidence under said plea that the former acquittal resulted on account of the variance between the name of the person alleged to have been assaulted as charged in the information, and as in fact developed on the trial, the plea of former acquittal could not avail.

**2.—Same—Charge of Court—Means Used—Applying Law.**

Where upon trial for aggravated assault by an adult male on the person of a female, the charge of the court in defining what constituted an assault and battery was broader than the means charged in the information, but in

applying the law to the facts confined the law to the allegations in the information and the evidence, there was no error.   Following Railsback v. State, 53 Texas Crim. Rep., 542.

Appeal from the County Court of Delta.   Tried below before the Hon. C. C. Dunagan.

Appeal from a conviction of aggravated assault; penalty, a fine of $25.

The opinion states the case.

*Lane & Ratliff,* for appellant.—On question of court's charge: Reed v. State, 29 Texas Crim. App., 449.

On question of former acquittal: Grisham v. State, 19 Texas Crim. App., 504.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—This appeal results from a conviction had in the County Court of Delta County, had on May 19, 1909, on a charge of aggravated assault committed by appellant on his wife.

1.   Before entering into trial he interposed a plea of former acquittal.   The affidavit and information contained in his plea recites the assault to have been made upon one Liz Randles.   It is not denied, as we understand, that the first trial really involved the same transaction and assault as that for which he was convicted in this case.   We gather also that the former acquittal resulted on account of the variance between the name of the person alleged to have been assaulted as charged in the information and as in fact developed on the trial.   In the case of Branch v. State, 20 Texas Crim. App., 599, it was held that where there had been an acquittal or a nolle prosequi entered, after pleading to a charge of theft, from Fabian Flores, that a plea of former jeopardy would not lie as against an indictment charging the theft from Antonio Flores.   So it would seem to follow that where there is a distinct unquestioned error in the name of the person assaulted as set out in the information and an acquittal thereafter had, that this would not bar prosecution for an assault upon the same person charged under the correct name.

2.   The charge of the court is complained of in that in defining what constitutes assault and battery, it is broader than the means charged in the information to have been used and in this respect erroneous.   The charge is that appellant, being an adult male, committed an aggravated assault and battery by striking his wife, Rose Reynolds, with his hands and fist.   In defining what constitutes an assault the court, among other things, stated that the use of any dangerous weapon or the semblance thereof, in an angry or threatening manner with intent to alarm another under circumstances calculated to effect that object, comes within the meaning of an assault.   However, when the court came to submit the issue to the jury he did so in this language:

"If you believe from the evidence beyond a reasonable doubt in this case that the defendant, Tom Reynolds, in Delta County, Texas, on or about the 21st of October, 1908, did then and there strike Rose Reynolds with his hands and fists, as alleged in the information herein, and you further believe Tom Reynolds was an adult male and you believe Rose Reynolds was a female, then in that event you will find the defendant guilty of an aggravated assault and battery." There can be no doubt, therefore, that the issue submitted and the only issue submitted to the jury was the one distinctly charged in the information. We do not think that a case should be reversed where there is error in the general definition of what constitutes an assault which is elementary and general in its character, when the matter is properly submitted to the jury in the charge under which alone a conviction could be had. See Railsback v. State, 53 Texas Cr. Rep., 542.

The judgment is affirmed.

*Affirmed.*

McCord, Judge, not sitting.
[Rehearing denied February 9, 1910.—Reporter.]