**Ex parte Karen COLEMAN.**

No. 553–96.

Court of Criminal Appeals of Texas, En Banc.

Dec. 18, 1996.

Gerald Fry, Houston, appellant.

Kimberly Aperauch Stelter, Asst. Dist. Atty., Houston, Matthew Paul, State's Atty., Austin, for the state.

*OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW*

PER CURIAM.

A grand jury indicted appellant for the offense of theft. V.T.C.A. Penal Code § 31.03. The indictment alleged that the grand jury did not know the name of the property owner at the time the indictment was returned. At the end of the jury trial on this indictment, the trial court granted appellant's motion for instructed verdict. The State subsequently secured a second indictment which charged appellant with theft of the same property on or about the same day as averred in the original indictment, though the new allegation included the name of the complainant. Appellant filed an application for pretrial writ of habeas corpus in the trial court on the ground that trial on the second indictment was barred by the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. Specifically, she claimed that she could not be retried for an offense of which she had already been acquit-

ted. The trial court denied the requested relief. In one point of error to the court of appeals, appellant argued that the trial court erred in not dismissing the second indictment. The court of appeals agreed with appellant and reversed the judgment of the trial court, rendering "judgment that the second indictment be dismissed." *Coleman v. State*, 918 S.W.2d 39, 44 (Tex.App.—Houston [1st] 1996). We granted the State's petition for discretionary review to determine the propriety of the court of appeals' determination that the subsequent prosecution on the second indictment in this cause was jeopardy barred. Tex.R.App.Pro., Rule 200(c)(2) & (4). We will affirm.

I.

The first indictment charged that, on or about April 1, 1992, appellant stole a lawn mower and a tiller from a person "unknown to the grand jury." Appellant was acquitted of this offense when the trial court granted appellant's motion for directed verdict. The trial judge did not explicitly state why she granted the motion, though she did state the following:

> [T]he Court believes that the allegation unknown to the Grand Jury applies to those cases where it cannot be determined with reasonable certainty what object or instrument of debt existed or who the owner was ... That is not the case in this case. I think the evidence established with reasonable amount of certainty either it belonged to HPD (Houston Police Department) or Home Depot, and with more reasonable certainty the owner in this case was properly HPD Officer Macejewski.[1]

---

1. Articles 21.07 and 21.08 of the Texas Code of Criminal Procedure permit the grand jury to allege unknown ownership of stolen property where that is the case. Though the ownership be unknown to the grand jury when it returns the indictment, the State may prove the specific person at trial. See, e.g., *Huffman v. State*, 775 S.W.2d 653, 662 (Tex.App.—El Paso 1989). If the State does proffer evidence of the actual owner, it incurs the additional burden of showing that the grand jury used due diligence in trying to determine same. *Hicks v. State*, 860 S.W.2d 419, 424 (Tex.Cr.App.1993).

   In the instant cause, the record reflects that HPD set up a "sting" operation to apprehend appellant, whom they believed was stealing

and/or "fencing" property such as that alleged in this case. Home Depot participated in this to the extent that it gave the tiller and the lawn mower, in exchange for a sum of money, to HPD knowing that HPD would use it as part of its operation. Whether the parties intended the money as a purchase price or merely as a security, and hence whether title ownership lay in HPD or Home Depot, is unclear. This is why the State seems to have vacillated in its election of owners.

   The State was presumably aware of the foregoing information at least from the time of the filing of the offense report in this matter. Perhaps based on this the trial court thought that the grand jury did in fact know who owned the

At the pretrial hearing on appellant's application for writ of habeas corpus, appellant called to the stand the assistant district attorney (ADA) who tried the first cause. Appellant elicited testimony from the ADA to the effect that at the second trial the State would produce the same evidence it used at the first trial; that the conduct alleged and the items stolen in the second indictment were the same as in the first indictment; and that the difference between the two prosecutions was the State's choice to name Home Depot through its agent R. Reese as the owner, and hence to focus on that evidence rather than the evidence of HPD as owner. The trial court was unpersuaded by this evidence and denied appellant relief.

In the court of appeals, relying primarily on *Fulmer v. State*, 731 S.W.2d 943 (Tex.Cr. App.1987), and *Smotherman v. State*, 415 S.W.2d 430, 431 (Tex.Cr.App.1967), the State argued that appellant is not being tried for the same offense because the names of the property owners in the two indictments are different. The State claimed that prosecuting a person for theft of property from "a person unknown" and then for theft of property from R. Reese is no different, in terms of a jeopardy analysis, than subsequent prosecutions for offenses against two different people. The court of appeals reversed the trial court's decision. It rejected the State's analogy and instead compared the instant situation to subsequent prosecutions for theft of the same property item from joint owners, which it said was constitutionally intolerable. *Coleman*, supra at 43–4.

To support her contention in this Court that the two prosecutions are for the same offense, appellant relies on the opinion of the court of appeals. The State reasserts the arguments it presented in the court below. While we do not think that either analogy is precise or controlling, we ultimately agree with appellant that her prosecution under the second indictment is for the same offense of which she has been acquitted and is hence barred by the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.

## II.

Appellant was initially indicted for theft of a tiller and a lawn mower. At the close of the evidence at the first trial to the jury, the trial court granted appellant's motion for instructed verdict. An instructed verdict is the functional equivalent of an acquittal for double jeopardy purposes. *Smalis v. Pennsylvania*, 476 U.S. 140, 106 S.Ct. 1745, 90 L.Ed.2d 116 (1986). Of course The State may not prosecute someone for an offense of which he has already been acquitted. See *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); *Ex parte Kopecky*, 821 S.W.2d 957, 958 (Tex.Cr. App.1992). Thus, the issue before us is plain: is the offense alleged in the first indictment the same as that alleged in the second indictment?

At the outset we note that this cause does not present the same question as that decided by the Supreme Court in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). In *Blockburger*, the government obtained two convictions based on the same *actus reus*. The issue was whether Congress had intended that the two statutes in question be separate offenses, the basis for separate convictions. In the instant cause, however, the State is not prosecuting appellant for conduct which may or may not violate distinct penal statutes. Rather, the State is prosecuting appellant for the same violation of the same penal statute in separate trials. The State contends that this otherwise apparently unconstitutional successive prosecution is actually permissible in this cause.

The State points to *Fulmer v. State*, 731 S.W.2d 943 (Tex.Cr.App.1987), and *Smotherman v. State*, 415 S.W.2d 430 (Tex.Cr.App. 1967). In *Fulmer*, the Court held that the State did not violate double jeopardy when it prosecuted Fulmer for an offense committed against Kim Nguyet, and then prosecuted

---

allegedly stolen items. Or perhaps the trial court thought that the State failed to prove due diligence once it produced evidence of a specific owner at trial. In any event, appellant was acquitted of the offense alleged in the first indictment. See *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977).

him later for the same type of offense against Kim Ngo. The evidence at the first trial showed that the victim's last name was actually Ngo and therefore resulted in an acquittal. In *Smotherman*, the State erroneously alleged ownership of a stolen vehicle. The Court held that an acquittal after the State proceeded to trial on that indictment did not prevent the State from trying Smotherman on an indictment alleging ownership in another person. Cf. *Illinois v. Somerville*, 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973). As we said in *Smotherman*, "The rule appears to be that if the name of the injured party in the two indictments or informations is not the same, the plea of former acquittal is ordinarily bad on its face." [2] *Smotherman*, supra at 430; *Reynolds v. State*, 58 Tex.Cr.R. 273, 124 S.W. 931 (Ct. App.1910). The State then asserts that the difference between a "person unknown to the grand jury" and a named person is the same, for purposes of a jeopardy analysis, as the difference between two named persons. We disagree.

In *Smotherman* and *Fulmer*, the defendants were acquitted after the first trials. The State made a mistake in pleading the complainants in those cases, and the defendants were acquitted of offenses against the erroneously pleaded people. We said that the State could retry the defendants in those cases for offenses committed against patently different people. In this cause, however, we can be certain that appellant was acquitted of the same offense in the first trial for which the State wants to try her in the second,

though the first indictment stated that the complainant was unknown. At the hearing on appellant's pretrial application for habeas corpus, the State affirmed that the evidence it presented at the second trial would be the same as that presented at the first trial. The offenses alleged in each indictment are the same. In the first indictment, the State has merely taken advantage of the pleading convention authorized by V.A.A.C.P., Articles 21.07 and 21.08.[3]

It may be contended that it is inconsistent with *Fulmer* and *Smotherman* to inspect the actual trial proof; that as in those cases we should only examine the indictments to determine whether the offenses are the same. Yet it must be part of our present analysis to look at the proof when the State has alleged some aspect of the offense in a prosecution as unknown. See *State v. Houth*, 845 S.W.2d 853, 870 (Tex.Cr.App.1992) (Benavides, J., concurring) ("One simply cannot tell whether two prosecutions are for the same offense without knowing . . . whether each purported violation of the same statute is different from every other as a matter of fact."). If we confined ourselves to an examination of the indictments, the State could avail itself of a "dress rehearsal" simply by alleging an unknown element in the first indictment returned in a particular cause. There would be no way to tell from a comparison of the face of that indictment and any subsequent one whether they charged the same offense.[4] Here the language of the first indictment, with its unknown element, may or may not refer to the same offense as that alleged in

---

2. This is but a version of our fatal variance law expressed, e.g., in *Arceneaux v. State*, 803 S.W.2d 267 (Tex.Cr.App.1990), and *Benson v. State*, 661 S.W.2d 708 (Tex.Cr.App.1982). We also note that *Smotherman* was not decided on double jeopardy grounds, though *Fulmer* was.

3. See note 1, supra.

4. While the State would not be able to obtain a conviction if it could not prove that the element was indeed unknown to the grand jury, it nonetheless would be able to perfect its case and subject defendants to continued harassment and expense with impunity. As the Supreme Court said in *Green v. United States:*

   "[t]he underlying idea [of the Double Jeopardy Clause], one that is deeply ingrained in at least

the Anglo–American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty."
355 U.S. 184, 187–8,78 S.Ct. 221, 223, 2 L.Ed.2d 199, 204 (1957); *Ex parte Granger*, 850 S.W.2d 513, 517–8 (Tex.Cr.App.1993) (discussing various policy concerns embodied by the Double Jeopardy Clause, including preventing State from "wearing down" defendants and gaining unfair tactical advantage through repeated litigation, both of which increase the likelihood of convicting innocent defendants).

the succeeding indictment. A formalistic reading of the first indictment does not define the term "unknown" adequately enough to allow us to conduct a double jeopardy analysis. But once we consider the evidence relied on by the State at the first trial in this cause, it is patent that the two indictments do indeed charge the same offense.

Quite simply, the State now wants to try appellant again for the same offense, using the same evidence. The Double Jeopardy Clause prohibits this. Once the State goes to trial on an indictment alleging some element of the offense as "unknown to the grand jury" and jeopardy attaches and terminates, the State may not retry a defendant for the same violation of the same penal statute simply by alleging a real name instead of "unknown." This is a manifest double jeopardy violation and appellant is entitled to habeas corpus relief. Accordingly, the judgment of the court of appeals is affirmed.

WHITE, J., not participating.

McCORMICK and KELLER, JJ., dissenting.