**Ex parte Dwain PADRON.**

**No. 01–99–00263–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 20, 2000.
Rehearing Overruled May 2, 2000.

---

Adam L. Moskowitz, Houston, for appellant.

Calvin Hartmann, John B. Holmes, Houston, for State.

Panel consists of Justices MIRABAL, WILSON, and NUCHIA.

## OPINION

DAVIE L. WILSON, Justice.

Appellant Dwain Padron filed a pretrial application for a writ of habeas corpus based on a claim of double jeopardy. The trial court denied the requested relief. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND[1]

On December 28, 1996, James Berner and his wife, Susie Berner, were closing their fireworks stand when appellant approached them and held a gun to Mrs. Berner's head. Appellant forced Mr. Berner to tape Mrs. Berner's hands behind her back. Appellant then struck Mr. Berner in his knee with a hammer. Appellant demanded money and took the money from the money box. At this time, appellant began to hit Mrs. Berner with the hammer. Mr. Berner moved toward appellant, and appellant hit him again with the hammer and poked him in the eye with the barrel of the pistol. Mr. Berner and Mrs. Berner suffered severe injuries from the attack. Mr. and Mrs. Berner positively identified appellant as the attacker in a photograph line-up and at trial. In addition to the money, appellant took some fireworks and Mrs. Berner's purse, which contained her checkbook, driver's license, social security card, a few personal belongings, a little money, and a watch.

The State prosecuted appellant for the aggravated robbery of Mr. Berner. As read to the jury, the indictment alleged:

[I]n Harris County Texas, Dwain Padron, hereafter styled the defendant, on or about December, 1996, did ... unlawfully while in the course of committing theft of property owned by James Berner, hereafter styled the complainant, with intent to obtain and maintain control of the property, intentionally and knowingly threaten and place the complainant in fear of imminent bodily inju-

---

1. The facts are taken from the transcript of the prior trial. *See also Padron v. State,* 988 S.W.2d 344, 344–45 (Tex.App.—Houston [1st Dist.] 1999, no pet.).

ry and death, and the defendant did then and there use and exhibit a deadly weapon, to-wit, a firearm.

... [I]n Harris County, Texas, Dwain Padron, hereafter styled the defendant, heretofore on or about December 28, 1996, did then and there unlawfuly [sic], while in the course of committing theft of property owned by James Berner, hereafter styled the complainant, with intent to obtain and maintain control of the property, intentionally and knowingly cause bodily injury to James Berner by striking James Berner with a deadly weapon, namely, a hammer.[2]

Following a four-day trial in September, 1997, a jury found appellant guilty. The jury assessed punishment at 25 years imprisonment. *Padron v. State,* 988 S.W.2d 344, 344 (Tex.App.—Houston [1st Dist.] 1999, no pet.). We affirmed. *Id.*.

A subsequent indictment charged appellant with the aggravated robbery of Mrs. Susie Berner, based on the same incident. The indictment states in relevant part:

[T]hat in Harris County, Texas, DWAIN PADRON, ..., on or about DECEMBER 28, 1996, [did] ... while in the course of committing theft of property owned by Susie Berner, ... intentionally and knowingly threaten and place the complainant in fear of imminent bodily injury and death, and the Defendant did then and there use and exhibit a deadly weapon, to-wit: a firearm.

... DWAIN PADRON, ... on or about DECEMBER 28, 1996, [did] ... while in the course of committing theft of property owned by Susie Berner, ... intentionally and knowingly cause bodily injury to Susie Berner, by striking Susie

Berner with a deadly weapon, namely, a hammer.

Appellant filed an application for writ of habeas corpus on the ground that the second prosecution violated his right against double jeopardy. The court denied habeas corpus relief, and appellant now appeals to this Court.

## DISCUSSION

■ Appellant raises two points of error. In point of error one, he contends the double jeopardy clauses of the federal and state constitutions bar the State from successively prosecuting him for aggravated robberies of both Mr. Berner and Mrs. Berner because his actions constituted a single offense. In point of error two, he contends the double jeopardy clauses bar the State from seeking multiple punishments.

The Fifth Amendment of the United States Constitution provides that a person shall not be "subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. The Texas Constitution provides: "No person, for the same offense, shall be twice put in jeopardy of life or liberty, nor shall a person be again put upon trial for the same offense, after a verdict of not guilty in a court of competent jurisdiction." TEX. CONST. art. I, § 14. Conceptually, the state and federal constitutional provisions are identical. *Phillips v. State,* 787 S.W.2d 391, 393 n. 2 (Tex.Crim.App.1990).

■ The two provisions protect against: (1) a successive prosecution for the same offense after acquittal; (2) a successive prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *Iglehart v. State,* 837

2. Appellant represents that he was convicted of "both counts" in the indictment. The record reflects only that the jury found appellant "guilty of aggravated robbery as charged in the indictment." The indictment simply charged alternate ways of committing aggravated robbery, *i.e.,* by placing the same victim in fear of imminent bodily injury and death while using and exhibiting a deadly weapon (firearm) and by intentionally and knowingly causing bodily injury with a deadly weapon (hammer). *See* TEX. PENAL CODE ANN. §§ 29.02(a), .03(a) (Vernon 1994). There were not two counts; there were two paragraphs alleging one count.

S.W.2d 122, 127 (Tex.Crim.App.1992); *see Ex parte Kopecky*, 821 S.W.2d 957, 958 (Tex.Crim.App.1992); *Coleman v. State*, 918 S.W.2d 39, 43 (Tex.App.—Houston [1st Dist.] ), *aff'd sub nom. Ex parte Coleman*, 940 S.W.2d 96 (Tex.Crim.App.1996). This case implicates the latter two protections. *See Iglehart*, 837 S.W.2d at 127 (successive prosecutions for theft from homeowner and theft from homeowner's daughter based on single incident as implicating second two protections).

In both prosecutions, the State alleged violation of the same statutory provision, Penal Code section 29.03, proscribing aggravated robbery.[3] A person commits aggravated robbery if he (a) commits robbery as defined in Penal Code section 29.02, and (b) he also (1) causes serious bodily injury to another person, (2) uses or exhibits a deadly weapon, or (3) causes bodily injury to another person 65 years or older or a disabled person or threatens or places such a person in fear of imminent bodily injury or death. TEX. PENAL CODE ANN. § 29.03(a) (Vernon 1994). The robbery statute, in turn, requires theft ( or attempted theft) and assaultive acts, each of which is accompanied by intent to obtain or maintain control of property. *See* TEX. PENAL CODE ANN. § 29.02(a) (Vernon 1994); *Blount v. State*, 851 S.W.2d 359, 364 n. 6 (Tex.App.—Houston [1st Dist.] 1993, no pet.).

Until recently the Texas Court of Criminal Appeals had consistently held that, when there was a single theft of property, there could be only one aggravated robbery, despite the number of assault victims. In other words under prior case law, theft, not assaultive conduct, defined the number of permissible prosecutions and convictions. *See Blakely v. State*, 843 S.W.2d 33 (Tex. Crim App.1992) (prohibiting successive prosecutions in case involving assault on store employee and her

child, but theft only of mother's purse and cash from locked drawer); *Cook v. State*, 840 S.W.2d 384 (Tex.Crim.App.1992) (prohibiting two convictions in single trial in case involving assaults on two officers, but theft only of hub cap); *Simmons v. State*, 745 S.W.2d 348 (Tex.Crim.App.1987) (prohibiting successive prosecutions in case involving assaults on two persons, but theft of cash only from one); *Ex parte Crosby*, 703 S.W.2d 683 (Tex.Crim.App.1986) (successive prosecutions—pleas—prohibited in case involving assaults on both husband and wife, but theft of property only from husband); *see also Oggletree v. State*, 851 S.W.2d 367 (Tex.App.—Houston [1st Dist.] 1993, pet. ref'd) (two convictions in same trial prohibited in case involving assaults against two store employees, but theft only of meat belonging to store).

In *Ex parte Hawkins*, however, the court specifically overruled *Cook, Simmons*, and *Crosby*. 6 S.W.3d 554, 560–61 (Tex.Crim.App.1999). The court observed, "The Double Jeopardy Clause is offended if a defendant is successively prosecuted for the same offense. The legislature defines whether offenses are the same. It does so by prescribing the 'allowable unit of prosecution,' which is 'a distinguishable discrete act that is a separate violation of the statute.' " *Id.* at 556.

The court then turned to case law construing the robbery provisions in the Penal Code. *Hawkins*, at 559–60 (citing *Crank v. State*, 761 S.W.2d 328, 350 (Tex.Crim.App. 1988); *Hightower v. State*, 629 S.W.2d 920, 922 (Tex.Crim.App.1981); *Linville v. State*, 620 S.W.2d 130, 131 (Tex.Crim.App. 1981); *Rohlfing v. State*, 612 S.W.2d 598, 602 (Tex.Crim.App.1981); *Ex parte Lucas*, 574 S.W.2d 162, 163–64 (Tex.Crim.App. 1978)). Those cases indicate that the gravamen of robbery was the assaultive conduct, not the theft. *See Hawkins*, at 559–60. The court concluded, "Since robbery

---

**3.** When indictments charge two violations of the same statutory provision, a court does not apply the test of *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). *Ex parte Crosby*, 703 S.W.2d 683, 685 (Tex.Crim.App.1986), *overruled on other grounds by Ex parte Hawkins*, 6 S.W.3d 554, 560–61 (Tex.Crim.App.1999).

is a form of assault, the allowable unit of prosecution for robbery should be the same as that for an assault. And in Texas the allowable unit of prosecution for an assaultive offense is each victim." *Id.* at 560 (citing *Phillips,* 787 S.W.2d at 394–95; *Ex parte Rathmell,* 717 S.W.2d 33, 36 (Tex.Crim.App.1986)).

Appellant does not dispute that he assaulted both Mr. Berner and Mrs. Berner. Under *Hawkins,* we hold that prosecution of appellant for the aggravated robbery of Mrs. Berner based on the theft of her purse does not violate appellant's protection against double jeopardy, notwithstanding appellant's conviction for the aggravated robbery of Mr. Berner based on the theft of the money and the fireworks.[4]

We overrule appellant's points of error one and two.

We affirm the order denying habeas corpus relief.

---

4. Even under the prior case law requiring a separate theft for each robbery, we would conclude there had been no violation of the appellant's right against double jeopardy. Our analysis of the record indicates that the State will be proving a different theft (Mrs. Berner's purse) from the theft (money and fireworks) on which it relied to support the aggravated robbery conviction in the first prosecution. The fact that the victims were husband and wife does not alter our analysis. *See Blount v. State* 851 S.W.2d 359, 361, 363–64 (Tex.App.—Houston [1st Dist.] 1993, no pet.) (treating attempt to take property from wife as separate from completed taking of property from husband).