Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# OPINION

No. 04-08-00226-CR

Lavonne **BYRD**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 4, Bexar County, Texas
Trial Court No. 206448
Honorable Sarah Garrahan-Moulder, Judge Presiding

## OPINION ON REHEARING EN BANC

Opinion by: Steven C. Hilbig, Justice
Dissenting opinion by: Rebecca Simmons, Justice, joined by Catherine Stone, Chief Justice, and
     Sandee Bryan Marion, Justice

Sitting en banc:  Catherine Stone, Chief Justice
                Karen Angelini, Justice
                Sandee Bryan Marion, Justice
                Phylis J. Speedlin, Justice
                Rebecca Simmons, Justice
                Steven C. Hilbig, Justice
                Marialyn Barnard, Justice

Delivered and Filed: April 21, 2010

AFFIRMED

In an order dated March 4, 2009, a majority of this court granted Appellant Lavonne Byrd's motion for rehearing en banc. The panel opinion and judgment dated January 14, 2009, are withdrawn, and this opinion and judgment are substituted. We affirm the trial court's judgment.

## BACKGROUND

By way of an information, the State charged that Byrd "with intent to deprive the owner, Mike Morales, of property, namely: THREE (3) PAIRS OF PANTS, and ONE (1) DVD, did unlawfully, without the effective consent of the owner, appropriate said property . . . ." The information was based on an alleged shoplifting incident at a Wal-Mart in San Antonio. The parties agree the State did not present any evidence proving Mike Morales was the owner of the property or his relationship to Wal-Mart. Rather, the State presented evidence that Wal-Mart was the owner.[1] In accordance with the information, the jury was charged it could find Byrd guilty if the State proved beyond a reasonable doubt the property was appropriated without the effective consent of Mike Morales. Byrd argues the State was required to prove the person named as owner in the charging instrument was the actual owner of the property and because it did not so prove, the evidence is legally insufficient to support the conviction.

## STANDARD OF REVIEW

Byrd raises legal sufficiency challenges under both the federal and state constitutions. We review a federal due process challenge to the legal sufficiency of the evidence by determining whether a rational trier of fact could have found the "substantive elements of the offense as defined by state law" beyond a reasonable doubt. *Fuller v. State*, 73 S.W.3d 250, 252 (Tex. Crim. App.

---

[1] In its brief, the State points out that a police report contained in the reporter's record as an exhibit lists Mike Morales as the Manager/Owner of the property. However, the State acknowledges the exhibit was never admitted into evidence.

2002) (quoting *Jackson v. Virginia*, 443 U.S. 307, 324 n.16 (1979)); *see also Prible v. State*, 175 S.W.3d 724, 729-30 (Tex. Crim. App.), *cert. denied*, 546 U.S. 962 (2005) (stating sufficiency of evidence review requires viewing the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt). However, when the legal sufficiency of the evidence is challenged under state law, we measure the evidentiary sufficiency against "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Fuller*, 73 S.W.3d at 252 (quoting *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)); *see Gollihar v. State*, 46 S.W.3d 243 (Tex. Crim. App. 2001).

### FEDERAL DUE PROCESS – SUBSTANTIVE ELEMENTS OF THE OFFENSE

Section 31.03 of the Texas Penal Code provides in relevant part:

**§ 31.03 Theft**

(a) A person commits an offense if he unlawfully appropriates property with the intent to deprive the owner of the property.

(b) Appropriation is unlawful if:

(1) it is without the owner's effective consent[.]

TEX. PENAL CODE ANN. § 31.03(a), (b) (Vernon Supp. 2009). The essential elements of theft are (1) a person (2) with intent to deprive the owner of property (3) unlawfully appropriates the property. *Ex parte Luna*, 784 S.W.2d 369, 371 (Tex. Crim. App. 1990). Although the State must prove there is an owner from whom the property was unlawfully appropriated, the owner's name is not a "substantive element" of the theft statute. *See id*.; *see also Fuller*, 73 S.W.3d at 253. The issue in *Fuller* was whether the State's failure to prove the name of the victim as it appeared in the

indictment for the offense of injury to an elderly individual[2] rendered the evidence legally insufficient. The victim was identified as Olen M. Fuller in the indictment. At trial, the victim was referred to as either "Mr. Fuller" or "Buddy." After reviewing the statutory definition of the offense, the Texas Court of Criminal Appeals concluded the name of the elderly individual was not a substantive element of the offense:

> State law does not define the victim's name as a substantive element of the offense by, for example, defining the offense as "injury to an elderly individual named Olen M. Fuller."
>
> The prosecution's failure to prove the victim's name exactly as alleged in the indictment does not, therefore, make the evidence insufficient to support appellant's conviction under *Jackson v. Virginia.* The evidence that appellant injured the elderly victim by hitting him in the face with his fist satisfies the *Jackson v. Virginia* standard because it constitutes proof of every fact necessary to constitute the crime charged of "injury to an elderly individual."

*Id*. In similar fashion, the theft statute does not define the offense of theft to be the unlawful appropriation of property with intent to deprive the owner Mike Morales of the property. Because the property owner's name is not a substantive element of the offense of theft, the State's failure to prove the name alleged in the information does not render the evidence legally insufficient under *Jackson v. Virginia*.

---

[2] Section 22.04 of the Texas Penal Code, entitled "Injury to a Child, Elderly Individual, or Disabled Individual," provides in pertinent part:

> (a) A person commits an offense if he intentionally, knowingly, recklessly, or with criminal negligence, by act, or intentionally, knowingly, or recklessly by omission, causes to a child, elderly individual, or disabled individual:
> . . .
> (3) bodily injury.

TEX. PENAL CODE ANN. § 22.04(a) (Vernon Supp. 2009).

**STATE DUE PROCESS – ELEMENTS OF A HYPOTHETICALLY CORRECT CHARGE**

Under the state law sufficiency standard, Byrd's claim of legal insufficiency is viewed as a variance issue — the evidence is different or varies from the allegations in the charging instrument. *See Fuller*, 73 S.W.3d at 253; *Gollihar v. State*, 46 S.W.3d 243, 246-47 (Tex. Crim. App. 2001). "A 'variance' occurs when there is a discrepancy between the allegations of the charging instrument and the proof at trial. In a variance situation, the State has proven the defendant guilty of a crime, but has proven its commission in a manner that varies from the allegations in the charging instrument." *Gollihar*, 46 S.W.3d at 246.

In determining whether the trial evidence is legally sufficient under state law, we measure the evidence against the "elements of the offense as defined by the hypothetically correct jury charge for the case." *Fuller*, 73 S.W.3d at 252. "Allegations giving rise to immaterial variances may be disregarded in the hypothetically correct charge, but allegations giving rise to material variances must be included." *Gollihar*, 46 S.W.3d at 257; *see Fuller*, 73 S.W.3d at 253. Only a material variance requires reversal because only a material variance prejudices a defendant's substantial rights. *Fuller*, 73 S.W.3d at 253. We decide if the variance is material by determining "whether the indictment, as written, informed the defendant of the charge against him sufficiently to allow him to prepare an adequate defense at trial, and whether prosecution under the deficiently drafted indictment would subject the defendant to the risk of being prosecuted later for the same crime." *Gollihar*, 46 S.W.3d at 257 (*quoting U.S. v. Sprick*, 233 F.3d 845, 853 (5th Cir. 2000)).

In *Fuller*, after holding the evidence was sufficient under *Jackson v. Virginia* because the name of the victim was not a substantive element of the offense, the Court of Criminal Appeals conducted a separate analysis of whether the evidence was legally sufficient under Texas law. The

court of appeals had held the name of the victim must be included in a hypothetically correct jury charge. *Fuller v. State*, No. 10-98-019-CR, slip op. ¶ 4 n.3 (Tex. App.—Waco May 27, 1998) (not designated for publication), *available at* http://www.10thcoa.courts.state.tx.us/opinions/ HTMLopinion.asp?OpinionID=2585, *reversed, Fuller v. State*, 73 S.W.3d 250 (Tex. Crim. App. 2002). The court of appeals concluded the evidence was insufficient to support appellant's conviction because "the name of the complaining witness is material to an indictment and must be alleged and proven." *Id.*, slip op. ¶ 2. The Court of Criminal Appeals reversed, and affirmed the trial court judgment, holding the name of the victim was not required in a hypothetically correct jury charge because "the victim's name is not a statutory element of the offense" and the variance between the indictment and the proof was not material:

> There is no indication in the record that appellant did not know whom he was accused of injuring or that he was surprised by the proof at trial. *See Gollihar*, 46 S.W.3d at 257. Finally, the variance does not subject appellant to another prosecution for the same offense. *See id.*

*Fuller*, 73 S.W.3d at 254.

Byrd does not complain the failure to prove the name of the owner as alleged in the information prejudiced her defense. And, as in *Fuller*, nothing in the record suggests Byrd was unaware that she was being accused of stealing from Wal-Mart. The State presented evidence that a group of women, in a coordinated effort, stole merchandise from Wal-Mart. Byrd's defense was she did not knowingly take any property. Given this defense, the variance between the allegation of ownership and proof of ownership could not and did not prejudice her defense.

Because the indictment sufficiently informed Byrd of the charge against her, the variance is material only if it subjects Byrd to another prosecution for the same offense. The issue is whether

excluding the owner's name from the hypothetically correct jury charge would deny Byrd double jeopardy protection. Posed in a different manner, the question becomes: If Byrd's conviction is affirmed, may the State successfully initiate a new proceeding charging Byrd with theft of the same items, but allege Wal-Mart as the owner of the property? If the answer is yes, the name of the owner as alleged in the information must be included in the hypothetically correct jury charge against which we measure legal sufficiency.

Double jeopardy protects a person in several ways: "(1) protection against a second prosecution for the same offense after acquittal; (2) protection against a second prosecution for the same offense after conviction; and (3) protection against multiple punishments for the same offense." *Ex parte Cavazos*, 203 S.W.3d 333, 336 (Tex. Crim. App. 2006). "The legislature, therefore, determines whether offenses are the same for double-jeopardy purposes by defining the 'allowable unit of prosecution.'" *Id.* (quoting *Sanabria v. United States*, 437 U.S. 54, 69 (1978)). "The legislature also decides whether a particular course of conduct involves one or more distinct offenses under a given statute." *Id.* To determine the allowable unit of prosecution, we look to the gravamen of the offense. *See id.* at 337. For example, the allowable unit of prosecution for burglary is the unlawful entry and not the complainant:

> The allowable unit of prosecution for an assaultive offense is each complainant. Burglary, however, is not an assaultive offense; rather, its placement within Title 7 [of the Texas Penal Code] indicates that the legislature determined burglary to be a crime against property. Thus, the complainant is not the appropriate allowable unit of prosecution in a burglary, rather, the allowable unit of prosecution in a burglary is the unlawful entry. Applicant's convictions [for burglary with intent to commit theft and burglary with intent to commit sexual assault, each count naming a different victim] violate double jeopardy because he was punished multiple times for a single unlawful entry.

*Id.* (citations omitted). The statutory definition of theft is also found in Title 7 of the Texas Penal Code entitled "Offenses Against Property." The court in *Cavazos* found that placement of an offense in Title 7 indicated the intent of the legislature was to make that offense a crime against property. *Id.* The gravamen of the offense of theft is the acquisition or taking of the property.[3] Because the legislature has indicated theft, as burglary, to be a crime against property, and the gravamen of the offense is the exercise of control over the property, the allowable unit of prosecution for double jeopardy purposes is the property taken. *See Jones v. State*, 285 S.W.3d 501, 505 (Tex. App.—Fort Worth 2009, pet. granted) (stating "[i]n theft, the allowable unit of prosecution is the object or objects stolen").

Because the allowable unit of prosecution is the property taken, the State would not be able to prosecute Byrd again for the theft of the same items, alleging Wal-Mart as the owner.[4] Any subsequent charge involving the same property would constitute the same offense. *See Cavazos*, 203 S.W.3d at 337; *Gollihar*, 46 S.W.3d at 258 ("Appellant is in no danger of being prosecuted again for theft of the same cart proved at trial."); *see also U.S. v. Apodaca*, 843 F.2d 421, 430 n.3 (10th Cir.) (entire record may be reviewed to determine whether double jeopardy prevents subsequent

---

[3] In *McClain v. State*, the Court of Criminal Appeals stated: "the gravamen of theft is in *depriving the true owner of the use, benefit, enjoyment or value of his property,* without his consent;" what the theft statute prohibits is the defendant's "*exercise of control over* [property], coupled with knowledge he did not have the respective owners' consent and his intent to deprive the owners of the [property]." 687 S.W.2d 350, 353 (Tex. Crim. App. 1985).

[4] The dissent asserts "*Bailey* [*v. State*, 87 S.W.3d 122 (Tex. Crim. App. 2002)] clearly acknowledges that the owner of the stolen property may be used to distinguish one offense from another" to support its contention that the unit of prosecution for theft is the owner rather than the property taken. *Dissent*, at __. However, the court in *Bailey* was considering the theft of a sum of money. Money is a fungible asset. *See Sabri v. U.S.*, 541 U.S. 600, 601 (U.S. 2004). As such, unless the State is able to identify the property stolen by the serial numbers on the currency, the only way to identify the property is by reference to the owner. This fact in no way detracts from the general rule that the allowable unit of prosecution in theft cases is the property appropriated and not the owner of the property.

prosecution), *cert. denied*, 488 U.S. 932 (1988). Accordingly, the allegation of the name of the owner need not be included in the hypothetically correct jury charge in this case.

The dissent offers several arguments for including the name of the owner in the hypothetically correct jury charge. Initially, the dissent cites *Freeman v. State*, 707 S.W.2d 597 (Tex. Crim. App. 1986), and Judge Odom's dissent in *Hudson v. State*, 675 S.W.2d 507 (Tex. Crim. App. 1984), for the proposition that "failure to establish ownership in the person or entity alleged as owner results in a failure of proof." *Dissent*, at ___. However, both *Freeman* and *Hudson* were decided before the Court of Criminal Appeals rendered its decisions in *Malik* and *Gollihar*. Prior to these cases, the State was bound by the allegations in the charging instrument, regardless of the materiality of the allegations. *See Freeman*, 707 S.W.2d at 603 ("Of course, if the State alleges that such person is the 'owner,' it then has the burden of proof to establish that fact beyond a reasonable doubt, and a failure to prove that fact beyond a reasonable doubt will result in an acquittal being entered on behalf of the defendant."); *see also Commons v. State*, 575 S.W.2d 518, 520 (Tex. Crim. App. 1979) (holding that although State was not required by statute to allege the owner of property in prosecution for changing price tags on merchandise, when State chose to make a "descriptive averment" of that person, it was obligated to prove the allegation). The "rule" enunciated in each of these cases — legal sufficiency is measured by descriptive averments in the indictments and contained in the jury charge — was overruled by *Malik* and *Gollihar*, as acknowledged by the court in *Fuller*. *See Fuller*, 73 S.W.3d at 252; *Gollihar*, 46 S.W.3d at 256-57; *Malik*, 953 S.W.2d at 239-40. Rather, the sufficiency of the evidence is now measured by a hypothetically correct jury charge, which includes the statutory elements of the offense alleged in the indictment. Averments in the

charging instrument, other than the statutory elements, are not included in the hypothetically correct jury charge unless the allegations are material. *Gollihar*, 46 S.W.3d at 256-57.

In *Gollihar*, the court acknowledged it had not always considered materiality in determining whether a variance required reversal of a conviction. *Id.* 46 S.W.3d at 249 ("We have not been consistent in requiring materiality, but have sometimes reversed upon a finding of variance without exploring the further question of materiality.") The court explained why a materiality component is appropriate in a legal insufficiency claim that is based upon a variance:

> A materiality or harmless error-type requirement is not generally a component in traditional sufficiency of the evidence analysis, and we have never addressed why it has been required in the context of a variance-insufficiency claim. We would venture to say the explanation is two-fold. First, in a variance situation, unlike a standard insufficiency claim, the State, by all accounts, has proven that the defendant committed a crime. The only question is whether it has proven the details as it alleged in the indictment. Because a crime has admittedly been proven, acquittal does not seem appropriate without some inquiry into the materiality of the failed proof. Second, the materiality requirement appears to have been derived from the test traditionally applied by courts when viewing variance solely as a notice-related doctrine, distinct from sufficiency of the evidence. But materiality is not a concept wholly without basis in the sufficiency of the evidence context, given *Jackson's* emphasis on notice and meaningful opportunity to defend.

*Id.* at 248 n.7. Because *Gollihar* created a standard of review for legal sufficiency that includes a materiality component and measures legal sufficiency against a hypothetically correct jury charge rather than the actual charge given, the dissent's reliance on *Freeman* and *Hudson* is misplaced.

Although agreeing the name of the owner of the property is not an element of the offense of theft, the dissent next cites article 21.09 of the Texas Code of Criminal Procedure and *Freeman* for the proposition that the name of property owner must be alleged and proven. The dissent accurately quotes *Freeman* as stating it is "axiomatic" the charging instrument in a theft case must name the owner of the property, but *Freeman* also states the article in the code of criminal procedure requiring

allegations of ownership in the charging instrument "is a rule of pleading, . . . and is not a part of the definition of the offense of theft." *Id.* at 603. Because the identity of the owner is not part of the statutory definition of the offense of theft, it need not be included in an hypothetically correct jury charge unless it is pled in the charging instrument and determined to be material under a *Golihar* analysis.

The dissent relies primarily on *Bailey v. State*, 87 S.W.3d 122 (Tex. Crim. App. 2002), to argue the variance is material under the double-jeopardy prong of the *Gollihar* test. The dissent concludes the allowable unit of prosecution for theft offenses is the owner of the property and thus the name of the owner as alleged in the information must be included in a hypothetically correct jury charge to afford Byrd double jeopardy protections. However, the court in *Bailey* did not discuss the essential elements of the offense of theft, the allowable unit of prosecution for theft, or legal sufficiency. *See Bailey*, 87 S.W.3d at 126-29. Rather, the court held that when a defendant has been *acquitted* of an offense because of a variance between the charging instrument and the proof, double jeopardy does not bar a subsequent prosecution for a *different offense* based on the "same conduct." *Id.* at 128-29.

The defendants in *Bailey* were originally charged with stealing money from the City of Houston. *Id.* at 123. The defendants worked for a construction company that had a contract with the city to complete various projects. *Id*. at 124. The workers completed time sheets to falsely indicate they were working and entitled to pay. *Id*. Rick Collins, the owner of the construction company, testified he issued paychecks to the defendants based on the time sheets and was later reimbursed by the city. *Id.* at 125. Several city officials testified the city was not responsible for paying any contractor's employees; the city's only obligation was to pay the contractor under the

terms of the contract. *Id.* The trial court granted the defendants' motion for acquittal on the ground

the evidence demonstrated the money allegedly stolen belonged to the construction company and not

to the city as alleged in the indictments. *Id.* The State subsequently re-indicted the defendants,

alleging the same conduct, but listing Rick Collins as the owner of the money. *Id*. The defendants

filed applications for writs of habeas corpus claiming double jeopardy. *Id.*

The Court of Criminal Appeals agreed with the State that double jeopardy did not bar the

second prosecutions. The court first noted that "[t]raditionally, courts in Texas have held that an

acquittal because of a variance between the pleading and the proof does not bar reprosecution on a

new charge alleging that version of the offense which the State's evidence proved in the first trial."

*Id.* at 126-27. Noting that the test is whether the subsequent charge involves the "same offense"

rather than the "same conduct," the court reasoned that theft of money from the City of Houston was

not the same offense as theft of money from Rick Collins, and double jeopardy was not implicated.

*Id.* at 126, 127; *see also id.* at 128-29 (the "same conduct" test for double jeopardy as formulated in

*Grady v. Corbin*, 495 U.S. 508 (1990) was overruled in *United States v. Dixon*, 509 U.S. 688

(1993)).

The dissent concludes from the *Bailey* opinion that the name of the owner of the property as

alleged in the charging instrument must be included in a hypothetically correct jury charge to protect

Byrd from double jeopardy.[5] But *Bailey* is simply not applicable to this case. In *Bailey*, the Court

of Criminal Appeals addressed the question whether a subsequent prosecution may be had if in the

---

[5] The dissent also applies the wrong standard in its double jeopardy analysis. The dissent asserts "the State could prosecute Byrd for **the same course of conduct** by naming Wal-Mart or another employee as the owner." *Dissent*, at _____ (emphasis added). The court in *Bailey* noted the proper test for double jeopardy is whether the two offenses constitute the "same offense," not the same "course of conduct." *Bailey*, 87 S.W.3d at 127.

original prosecution there was a variance in the proof that resulted in legally insufficient evidence to support the charge. *Bailey*, and the other cases cited by the dissent for this principle, would apply only if Byrd had previously been acquitted due to a material variance. The reasoning and analysis in *Bailey* do not apply in determining if the variance in this case is material.[6]

As discussed above, the owner's name is not a statutory element of the offense of theft. And because (1) Byrd may not be prosecuted again for theft pursuant to an information that identifies the same property, but alleges a different owner,[7] and (2) the variance between the information and the proof regarding the name of the owner did not deprive Byrd of adequate notice of the charge, the variance is not material. We therefore do not include the name of the owner alleged in the charging instrument in the hypothetically correct jury charge we use to measure the sufficiency of the evidence under state law.

### SUFFICIENCY OF THE EVIDENCE

Having determined the property owner's name was not a substantive element of the charged offense and was not required in a hypothetically correct charge, we review the evidence in the light most favorable to the verdict to determine if the State proved Byrd unlawfully appropriated the property with the intent to deprive the owner of the property.

---

[6] We admit to a certain unease with the court's references in *Bailey* to cases decided before its decisions in *Malik* and *Gollihar* to justify the conclusion that the indictments represented different offenses. *See, e.g. Nance v. State*, 17 Tex. App. 385 (1885); *Reynolds v. State*, 58 Tex. Crim. 273, 124 S.W. 931 (1910); *Fulmer v. State*, 731 S.W.2d 943 (Tex. Crim. App. 1987). Of course, the court's citation of these cases in *Bailey* was for the principle that Texas has a "traditional" rule that double jeopardy does not bar reprosecution after an acquittal due to a variance. Based on the Court of Criminal Appeals's decisions in *Fuller, Gollihar, and Malik*, it is questionable whether the variances in the cited cases would be held to be material under current law.

[7] If the dissent were correct that the allowable unit of prosecution is the owner of the property, every shoplifter would face successive prosecutions for theft of the same item because the State could file successive prosecutions naming the corporation, the store manager, the security manager, and every employee at the store as the owner of the property.

Mr. Ricardo Salinas, a loss prevention officer employed by Wal-Mart, testified he saw two women meet with Byrd, who was pushing a shopping cart with a baby carrier on it. Salinas stated the two women took clothes and threw them under a blanket covering the carrier while Byrd acted as a lookout. He testified he also saw the women give Byrd store merchandise, which she then placed under the blanket. Byrd pushed the cart out of the store without paying for any of the items concealed by the blanket and baby carrier. Byrd was detained outside the store and numerous items from the store were found in her possession. After Salinas identified the property found in Byrd's possession and testified to its value, he stated the property belonged to Wal-Mart and Wal-Mart did not give Byrd consent to take the property. Salinas also testified Byrd "basically admitted to the theft" and she intended to deprive Wal-Mart of its property.

Viewed in the light most favorable to the verdict, a rational jury could have found that Byrd, acting with the intent to deprive the owner of three pairs of pants and one DVD, unlawfully appropriated the property. The appropriation was unlawful because it was without the effective consent of the owner, Wal-mart.

## CONCLUSION

The disposition of this case is controlled by *Fuller*. Just as in *Fuller*, where the name of the victim was not an essential element of the offense of injury to an elderly individual, the name of the owner is not a substantive or statutory element of the offense of theft. The only point of variance in the proof at trial and the allegations in the information — the name of the owner — did not operate to deprive Byrd of the opportunity to prepare her defense and is not required to prevent the application of double jeopardy. Therefore the allegation of the name of the owner of the property

is not required to be included in a hypothetically correct jury charge.  The evidence is sufficient to sustain the jury's verdict under the due process requirements of the constitutions of the United States and Texas.  The judgment of the trial court is affirmed.


Steven C. Hilbig, Justice


Publish